[Civ. No. 3901. Fourth Dist. July 30, 1948.]

CARL FREDERICK WAID, a Minor, etc., Respondent, v. MARIE GEORGENE SMITH et al., Appellants.

Stickney & Stickney and Edward Strop for Appellants.

Robert C. Thaxton for Respondent.

BARNARD, P. J.—This action arose out of an accident in which the minor plaintiff, who was 22 months old, was struck by an automobile which was being backed by the defendant Mrs. Smith.

The accident occurred about 3 p. m. on January 3, 1946, in the intersection of 42d Street and East Canterbury Drive in San Diego. In a real sense, this is not an intersection but these two streets come together in the form of a reverse "L." Canterbury runs east and west but ends at 42d Street, and 42d Street runs north and south but ends at Canterbury. On the north side of Canterbury and approximately on a line with the center of 42d Street, if that line were projected across the intersection and to the north, is a wall and hedge forming the east boundary of a home on the north side of Canterbury and opposite the west half of 42d Street. To the east of this wall and hedge is an open space about 20 feet wide and 30 feet long, which is opposite the easterly half of 42d Street. The defendants, who lived on the street to the east of 42d Street, had a garage at the rear of their home which opened upon the easterly side of this open space. Their car was 17 feet long and it had long been their practice to back the car into this open space until they reached the wall and hedge. Since the space was only 20 feet wide it was then necessary to go forward and backward two or three times until the car was in a position where it could be backed through the south end of this open space into this intersection. As they came into the intersection they would back to the left toward Canterbury enough to permit them to turn to the right and proceed south on 42d Street.

On this occasion Mrs. Smith backed out in this manner, as she had done daily without incident for 18 years. Just before entering the garage she had talked with a neighbor over this

wall. She then walked over to the garage, looked up the street, and then entered the garage and proceeded to back the car out. At that time no children were around the intersection, and there was no traffic there. After Mrs. Smith left to enter her garage, the neighbor observed the minor plaintiff standing with his wagon and a dog near the east curb of 42d Street and three-fourths of a block south of the intersection here in question. No one else saw the child at any time material here.

When Mrs. Smith had her car in a northerly and southerly direction and in a position to back from this open space into the intersection she looked in her rear view mirror and saw nothing in the intersection. She backed slowly out while looking to the rear along the left side of her car. While thus backing out, preparatory to turning south on 42d Street, she felt a bump. She drove her car forward a few feet toward the entrance to the open space and stopped. She then got out and found the injured child, which had been struck by the right rear wheel of her car. The point where the child was struck was about 15 feet from the north curb line of Canterbury and on a line between the wall and hedge and the center line of 42d Street to the south.

There were no eyewitnesses to the accident and no one knows how the child arrived at the point where he was struck. The top half of one of his ears was cut off, he suffered other bruises, and it is claimed that some of his injuries may be permanent. There is much evidence that children at times played in these streets near the other end of the block to the west, and of the block to the south, and there is some evidence that children had been playing in this intersection. The evidence indicates great negligence on the part of the mother of the child.

The jury brought in a verdict in favor of the defendants. On motion for a new trial the court denied it with respect to the cause of action on behalf of the father of the child, and granted it and ordered a new trial with respect to the action for the minor on the ground of the insufficiency of the evidence to support the verdict. The defendants have appealed from the order thus entered in favor of the minor plaintiff.

 The appellants contend that no evidence appears in the record which would have supported a judgment in favor of the minor plaintiff. It is argued that there is no evidence to indicate that Mrs. Smith on this occasion did anything which a reasonable person would not have done, or failed to do anything which a reasonable person would have done. We have

considerable sympathy with this point of view and on the record before us we are inclined to agree with the jury rather than with the trial judge. It is often necessary to back an automobile and it is usually not practical to have a watchman posted while this is being done. A driver, in backing, must look largely to the rear along the left side of his car, and cannot see small objects which may approach the rear right side of his car. While such a driver must use ordinary care, whether such care was used in a given case must of necessity be largely a question of fact.

An ordinance of the city of San Diego was introduced in evidence which provides that the ''driver of a vehicle emerging from an alley, driveway or garage shall stop such vehicle immediately prior to driving onto a sidewalk or into the sidewalk area extending across an alleyway.'' Whether or not this provision was applicable here does not satisfactorily appear. The evidence does not clearly show whether this open space, upon which Mrs. Smith's garage opened, was a part of 42d Street or whether there was here a sidewalk area extending across an alleyway. If this ordinance was applicable, the further question is presented as to whether a violation of it by Mrs. Smith was a proximate cause of the accident. Factually, it seems unlikely that a short stop at that point would have made any difference. Whether she would then have been able to see this small child approaching on the other side of her car, while doubtful, is still a question of fact.

We are forced to the conclusion that it cannot be said, as a matter of law, that Mrs. Smith did everything that a reasonable person would have done under the circumstances. The question is one of fact rather than one of law (*Smith* v. *Harger,* 84 Cal.App.2d 361 [191 P.2d 25]), and is one which the judge at the next trial should consider with great care. Under familiar rules, he has an opportunity for weighing the evidence which is denied to an appellate court. Actually, final justice must in many cases depend upon the way in which this opportunity and the corresponding duty are exercised.

The order appealed from is affirmed.

Marks, J., concurred.